E. E. MERCHANT v. STATE.

No. A-1658.   Opinion Filed November 28, 1914.

Appeal from County Court, Stephens County;

W. H. Admire, Judge.

E. E. Merchant was convicted of violating the prohibitory law, and appeals.  Reversed.

Womack & Brown, for plaintiff in error.

Smith C. Matson and C. J. Davenport, Asst. Atty. Gens., for the State.

PER CURIAM.  The plaintiff in error, E. E. Merchant, was convicted at the January, 1912, term of the county court of Stephens county on a charge of unlawfully conveying intoxicating liquors from one place in said county to another place therein, and his punishment fixed at imprisonment in the county jail for a period of thirty days and a fine of fifty dollars.  It appears from the evidence that the intoxicating liquor in question was an interstate shipment of beer for individual consumption; it is argued that the court erred in giving the following instructions: "Second: And in this connection I charge you that if you believe from the evidence in this case beyond a reasonable doubt that the defendant conveyed intoxicating liquors as charged against him in the information herein, in Stephens county, Oklahoma, on or about the time alleged in the information, from the place and to the place alleged, in the city of Marlow, as charged, then I charge you that you should find the defendant guilty and so say by your verdict.  In such event you may assess his punishment at a fine of not less than fifty dollars nor more than five hundred dollars and by imprisonment in the county jail for not less than thirty days nor more than six months as you see proper, but you are not required to assess the punishment."

In lieu of this instruction counsel requested the following instruction:  "Gentlemen, in this case the state alleges that the defendant conveyed intoxicating liquors from block 114 to block 115 in the city of Marlow, Oklahoma, and in this connection I charge you that it is the duty of the state to prove such conveyance from said block 114 to said block 115 beyond a reasonable doubt, and I further charge you that in the consideration of this case you cannot consider any other place or places from which to which any conveyance might have been made, if any, conveyance has been shown, save and except from the place to the place alleged in the information in this case."

Without consuming time in the discussion of other assignments, we are of the opinion that the court should have given the instruction requested in lieu of the one he did give.  The instruction requested conforms to the charge as laid in the information.  The instruction given by the court did not.  The judgment is reversed and the cause remanded for a new trial.